## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-CV-60382-STRAUSS

**MAXIMUM MARKETING, INC.,**

     Plaintiff,

v.

**LOLA GRANOLA BAR CORP.,**

     Defendant.

_____/

### ORDER GRANTING MOTION TO DISMISS

THIS MATTER came before the Court upon Defendant's Motion to Dismiss Complaint ("Motion") [DE 21]. The Court has reviewed the Motion, Plaintiff's Response thereto [DE 23], Defendant's Reply [DE 24], Plaintiff's Sur-Reply [DE 26], the Complaint and exhibits thereto, and the record in this case. For the reasons discussed herein, the Motion will be **GRANTED**.

Plaintiff filed its two-count Complaint on February 21, 2020, asserting state law claims against Defendant, and invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. In Count I, Plaintiff asserts a claim against Defendant for breach of a Settlement Agreement and General Release ("Agreement") [DE 1-1]. Therein, Plaintiff claims Defendant owes Plaintiff damages of $130,000 resulting from Defendant's alleged breach of the Agreement. In Count II, Plaintiff asserts a claim under § 832.05, Fla. Stat., alleging that Defendant provided an allegedly worthless $13,000 check to Plaintiff. Plaintiff alleges the $13,000 check that is the subject of Count II represented a payment that was required under the terms of the Agreement. Under Count II, Plaintiff seeks damages in the amount of $39,565, alleging it is entitled to treble damages.

Pursuant to the Motion, Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(3), arguing that venue is improper in light of the forum-selection clause contained in the parties' Agreement

[DE 1-1].  The subject clause provides that "[v]enue for any dispute arising under this Agreement shall be in the Seventeenth Judicial Circuit in and for Broward County, Florida" [DE 1-1 at ¶ 7].

Recognizing that no relief is available under Rule 12(b)(3) when venue is proper under 28 U.S.C. § 1391,[1] even if a valid forum-selection clause dictates that venue be somewhere other than where the case was filed, Defendant pivots in its Reply [DE 24].  Specifically, Defendant asks the Court to treat its request for dismissal as one based upon the doctrine of *forum non conveniens*.  The Supreme Court has made clear that *forum non conveniens* is the vehicle that must be used when venue is proper under § 1391 but a party seeks dismissal in accordance with a forum-selection clause that requires a state court venue.[2]  *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013) ("[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*.").[3]  Because Defendant did not raise new substantive arguments in its Reply, and merely raised a different legal vehicle for dismissal (albeit one not raised in the Motion), rather than rejecting the argument as untimely, the Court provided Plaintiff with the opportunity to file a sur-reply [*see* DE 25], which Plaintiff did [DE 26].

When a party brings a *forum-non-conveniens* motion where no forum-selection clause is at issue, courts evaluate both private-interest factors (related to the convenience of the parties) and

---

[1] It is undisputed that venue is proper under § 1391.

[2] Although paragraph 5 of Defendant's Reply seems to indicate that Defendant seeks dismissal under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), it is clear from the Reply that Defendant seeks dismissal under the doctrine of *forum non conveniens*.  To the extent that was not clear to Plaintiff from the Reply, the Court, in permitting Plaintiff to file a sur-reply, made clear to Plaintiff that the Court would "consider whether this case should be dismissed under the doctrine of *forum non conveniens* in light of the forum selection clause contained in the parties' agreement." [DE 25].

[3] *See also id.* at 66 n.8 ("[A] successful motion under *forum non conveniens* requires dismissal of the case." (citation omitted)).

public-interest factors.[4] *Atl. Marine*, 571 U.S. at 62-63 & n.6. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id*. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). That is because enforcing "valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id*. (citation omitted). Therefore, courts give valid forum-selection clauses "controlling weight in all but the most exceptional cases." *Id*. (citation omitted).

If a forum-selection clause is at issue, in the context of a defendant's *forum-non-conveniens* motion, the plaintiff's choice of forum is entitled to no weight. Instead, the plaintiff has the burden of showing why the case should not be transferred to the agreed-upon forum (or dismissed if the agreed-upon forum is a state or foreign forum). *See id*. at 63-64, 66 n.8. Additionally, the parties' convenience and private interests are not considered because they automatically weigh in favor of the agreed-upon forum. *Id*. at 64. Consequently, courts only consider whether the relevant public-interest factors support denial of the *forum-non-conveniens* motion, notwithstanding the applicable forum-selection clause. *Id*. "Because those factors will rarely defeat a transfer motion [or dismissal motion, if applicable], the practical result is that forum-selection clauses should control except in unusual cases." *Id*. That is because, with rare exceptions, "'the interest of justice' is served by holding parties to their bargain." *Id*. at 66.

Here, the forum-selection clause in the Agreement clearly mandates that venue must be in the Seventeenth Judicial Circuit in and for Broward County, Florida. In its Response [DE 23],

---

[4] "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Atl. Marine*, 571 U.S. at 63 n.6.

Plaintiff contends that the forum-selection clause in the Agreement does not limit venue to the Seventeenth Judicial Circuit and does not preclude venue in this Court. In essence, Plaintiff's argument is that the subject clause is permissive, not mandatory. Plaintiff's argument is meritless.

"A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere, whereas [a] mandatory clause . . . dictates an exclusive forum for litigation under the contract." *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011) (internal quotation marks and citation omitted). In *Slater*, the forum-selection clause at issue stated that "all claims or causes of action relating to or arising from this Agreement shall be brought in a court in the City of Richmond, Virginia." *Id.* The Eleventh Circuit found the foregoing clause to be mandatory, noting that "the use of the term 'shall' is one of requirement." *Id.* (citation omitted).[5] The clause here, like the clause in *Slater*, uses the mandatory term "shall" rather than the permissive term "may." Therefore, the plain language of the forum-selection clause at issue in this case shows that the clause is mandatory. Consequently, by filing its lawsuit in this Court, Plaintiff violated the forum-selection clause in the Agreement.[6]

---

[5] While *Slater* addressed dismissal under Rule 12(b)(3), which is no longer the correct vehicle to address a request for dismissal based on a forum-selection clause – in light of the Supreme Court's decision in *Atlantic Marine* – *Slater* otherwise remains good law.

[6] In the Response, Plaintiff also makes other arguments in passing without developing those arguments. For instance, it argues that Count II (the worthless-check count) does not arise under the Agreement. If true, the implication would be that the forum-selection clause does not apply to Count II. However, the Court need not reach whether Count II arises under the Agreement. Count I clearly arises under the Agreement and thus must be dismissed. Standing alone, the amount in controversy in Count II is clearly under $75,000. Therefore, even assuming that Count II does not arise under the Agreement, once Count I is dismissed, the Court would lack subject jurisdiction over Count II. Even if the Court could continue to exercise jurisdiction over Count II upon dismissal of Count I, judicial economy would not favor the Court doing so, as the payment that is the subject of Count II was made pursuant to the Agreement. Also, Plaintiff indicates that it would be unable to bring its worthless-check claim in state circuit court because it is under the $30,000 jurisdictional threshold. However, the Complaint reflects that the amount in controversy in Count II exceeds $39,000. Moreover, even if the amount at issue in Count II were under $30,000,

"As the party acting in violation of the forum-selection clause, [Plaintiff] must bear the burden of showing that public-interest factors overwhelmingly disfavor [dismissal]." *Atl. Marine*, 571 U.S. at 67. That is why the Court provided Plaintiff with an opportunity to file a sur-reply – to allow Plaintiff to argue whether the doctrine of *forum non conveniens* does not justify dismissal notwithstanding the forum-selection clause in the Agreement. Such an argument would have required discussion of the relevant public-interest factors. However, in the Sur-Reply, Plaintiff does not discuss any relevant public-interest factors, much less argue that those factors overwhelmingly weigh in favor of Plaintiff. Thus, Plaintiff has failed to carry its burden.

For the foregoing reasons, the Motion [DE 21] is **GRANTED**.[7] This case is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall **CLOSE** this case, with any pending motions being **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 20th day of July 2020.

*Jared Strauss*

**Jared M. Strauss**
**United States Magistrate Judge**

---

Plaintiff fails to show that it would not be able to bring Count II along with Count I in state circuit court just as it did here.

[7] Based on the discussion above, dismissal is being granted under the doctrine of *forum non conveniens*, not under Rule 12(b)(3).